IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY S. CALTON, SR., and<br>JIM S. CALTON, JR., d/b/a CALTON &<br>CALTON,<br>　　　　Plaintiffs,<br>v.<br><br>SHRED-IT USA, INC., a foreign<br>corporation,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2:08 CV 206 -mht |

## ANSWER

Defendant Shred-it USA, Inc. ("Shred-it") for its Answer to Plaintiff's Class Action Complaint, states as follows:

### AS A FIRST DEFENSE

1. Denies each and every allegation in the Class Action Complaint unless specifically admitted, qualified, or otherwise answered below.

2. As to the allegations in paragraph 1, Shred-it is without sufficient information to admit or deny the allegations, and therefore denies the same.

3. Shred-it admits the allegations in paragraph 2.

4. As to the allegations in paragraph 3, Shred-it admits that it offers document shredding services to customers in Alabama and throughout the United States. Shred-it further admits that certain of its customers are provided bins or consoles for scheduled service, and that other customers do not receive bins or consoles for one-time or purge services. Shred-it denies the remaining allegations.

5. As to the allegations in paragraph 4, Shred-it admits that it entered into a Customer Service Agreement ("CSA") with Calton & Calton ("C&C") dated May 4, 2007, and

1

Shred-it affirmatively states that the terms of the CSA speak for itself. Shred-it denies the remaining allegations.

6. As to the allegations in paragraph 5, Shred-it admits that it uses standard CSAs, but denies that these forms are the same for every customer in every state except for frequency of service and rates. Shred-it affirmatively states that it also utilizes CSAs that are not standard and vary widely among customers. The terms of these contracts speak for themselves. Shred-it denies the remaining allegations.

7. As to the allegations in paragraph 6, Shred-it admits that it implemented a fuel surcharge effective January 1, 2008, and that C&C was charged a fuel surcharge. Shred-it affirmatively denies that all customers were charged a fuel surcharge or that the charge is contrary to the terms of its CSA. Shred-it denies the remaining allegations.

8. As to the allegations in paragraph 7, Shred-it admits that the quoted language was taken from its website and that its website speaks for itself.

9. As to the allegations in paragraph 8, Shred-it admits that its invoice to C&C is attached as referenced and that the terms of that invoice speak for itself. Shred-it denies the remaining allegations.

10. Shred-it denies the allegations in paragraph 9.

11. Shred-it denies the allegations in paragraph 10, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

12. Shred-it denies the allegations in paragraph 11, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

13. As to the allegations in paragraph 12, Shred-it affirmatively states that the provisions of 28 U.S.C. § 1332(d), are applicable to this case, specifically that the claimed damages exceed $5,000,000 in the aggregate, exclusive of interest or costs, all as set forth in its Notice of Removal. Shred-it denies the remaining allegations.

14. Shred-it denies the allegations in paragraph 13, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15. Shred-it denies the allegations in paragraph 14, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

16. Shred-it denies the allegations in paragraph 15, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

17. Shred-it denies the allegations in paragraph 16, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

18. Shred-it denies the allegations in paragraph 17, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

19. Shred-it denies the allegations in paragraph 18, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

20. Shred-it adopts and incorporates herein by reference each of its responses to the allegations asserted in paragraphs 1-18 of the Complaint.

21. Shred-it denies the allegations in paragraph 20, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

22. Shred-it denies the allegations in paragraph 21, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

23. Shred-it denies the allegations in paragraph 22, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

24. Shred-it denies the allegations in paragraph 23, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

25. Shred-it denies the allegations in paragraph 24, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

26. Shred-it adopts and incorporates herein by reference each of its responses to the allegations asserted in paragraph 1-24 of the Complaint.

27. Shred-it states that its various agreements speak for themselves and otherwise denies the allegations in paragraph 26, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

28. Shred-it adopts and incorporates herein by reference each of its responses to the allegations, asserted in paragraph 1-26 of the Complaint.

29. Denies the allegations in paragraph 28, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

30. Denies the allegations in paragraph 29, and Shred-it specifically states that this claim is not suitable for class treatment and Plaintiffs do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## AS A SECOND DEFENSE

31. Shred-it alleges that Plaintiffs' Class Action Complaint fails to state a claim upon which relief can be granted.

## AS A THIRD DEFENSE

32. Shred-it alleges that Plaintiffs have failed to mitigate their damages, if any.

## AS A FOURTH DEFENSE

33. Shred-it alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

## AS A FIFTH DEFENSE

34. Shred-it alleges that Plaintiffs' claims are barred by the doctrine of waiver.

## AS A SIXTH DEFENSE

35. Shred-it alleges that Plaintiffs' claims are barred by the doctrine of laches.

## AS A SEVENTH DEFENSE

36. Shred-it alleges that Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AN EIGHTH DEFENSE

37. Shred-it alleges that Plaintiffs' claims are not suitable for class treatment and Plaintiffs fail to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, including, *inter alia*, that the purported class claims are not common or typical, that this action is not maintainable as a class action, Plaintiffs are not an appropriate class representative and Plaintiffs' class counsel is not qualified to serve in that capacity.

WHEREFORE, Shred-it prays that the Court issue an order:

A. Dismissing Plaintiffs' Class Action Complaint with prejudice and on the merits;

B. Denying certification of Plaintiffs' proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Denying Plaintiffs' declaratory, injunctive and other equitable relief; and

D. Granting Shred-it its reasonable costs and expenses, including, if applicable and appropriate, its reasonable attorneys' fees.

Dated: March 21, 2008.

_____
Jeffrey A. Lee
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1987
Facsimile: (205) 254-1999

Gregory G. Pinski
(Pro Hac Vice Admission Pending)
CONNER & PINSKI, PLLP
P.O. Box 3028
520 Third Avenue North
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640

COUNSEL FOR DEFENDANT
SHRED-IT USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2008, a copy of the foregoing documents was served on the following persons via Federal Express Delivery Service:

Clerk of District Court
USDC Middle District of Alabama
One Church Street
Montgomery, Alabama 36104

Charles A. McCallum, III,
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, AL 35216
205-824-7767

Walter B. Calton, LLC,
312 East Broad Street
Eufaula, Alabama 36027
334- 687-2407

Jeffrey A. Lee
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1987
Facsimile: (205) 254-1999

Gregory G. Pinski
(Pro Hac Vice Admission Pending)
CONNER & PINSKI, PLLP
P.O. Box 3028
520 Third Avenue North
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640

COUNSEL FOR DEFENDANT
SHRED-IT USA, INC.