**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JIMMY S. CALTON, SR., and JIM S. CALTON, JR., d/b/a CALTON & CALTON,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CASE NO. 2:08-cv-00206-MHT** |
| **SHRED-IT USA INC., a foreign corporation,** | ) ) ) | |
| **Defendants.** | ) ) | |

---

## PLAINTIFFS' MOTION TO REMAND

---

COME NOW the Plaintiffs Jimmy S. Calton, Sr. and Jim S. Calton, Jr. d/b/a Calton & Calton, by and through their undersigned counsel of record, and hereby move this Court for an Order remanding this action to the Circuit Court of Barbour County, Alabama on the basis the Defendant has failed to meet its burden of establishing that federal jurisdiction exists under 28 U.S.C. § 1332(d)(2). As grounds therefore, Plaintiffs offer the following:

1.    The pleadings,

2.    Plaintiffs' Memorandum of Law in support of Motion to Remand filed contemporaneously herewith.

WHEREFORE, Plaintiffs request an Order remanding this matter to the Circuit Court of Barbour County, Alabama.

/s/Charles A. McCallum, III
Charles A. McCallum, III

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
        birby@mhcilaw.com

OF COUNSEL:
Walter B. Calton, LLC
312 E. Broad Street
Post Office Box 696
Eufaula, Alabama 36072-0696
Telephone: (334)687-2407
Facsimile: (334)687-2466

## CERTIFICATE OF SERVICE

This is to certify that on April 2, 2008, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/EDF system, which automatically notify counsel.

Jeffrey A. Lee
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205)254-1987
Facsimile: (205)254-1999
Email: jlee@maynardcooper.com

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by U. S. Mail, postage prepaid, properly addressed, on April 2, 2008.

Gregory G. Pinski
(Pro Hac Vice Admission Pending)
Conner & Pinski, PllP
Post Office Box 3028
Great Falls, Montana 59403-3028
Telephone: (406)727-3550
Facsimile: (406)727-1640

 /s/ Charles A. McCallum, III
COUNSEL

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY S. CALTON, SR., and JIM S. CALTON, JR., d/b/a CALTON & CALTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 2:08-cv-00206-MHT |
| SHRED-IT USA INC., a foreign corporation, | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

COME NOW the Plaintiffs Jimmy S. Calton, Sr. and Jim S. Calton, Jr. d/b/a Calton & Calton ("Plaintiffs"), by and through their undersigned counsel of record, and submits this Memorandum in Support of their Motion to Remand this action to the Circuit Court of Barbour County, Alabama, from where it was improperly removed. As discussed herein, the grounds for this motion are that the removing party has failed to meet its burden of establishing that federal jurisdiction exists under 28 U.S.C. § 1332(d)(2).

### INTRODUCTION

This is a putative class action. The named Plaintiffs - who are the only putative class representatives - are resident citizens of Alabama. The putative class consists of all citizens or entities in the United States who are similarly situated with Plaintiffs. Although Defendant recognizes that 28 U.S.C. § 1332(d)(6) requires an amount in controversy exceeding $5,000,000, Defendant fails to offer any evidentiary support for its assertion that the damages in this case exceed

$5,000,000. Moreover, Defendant ignores the fact that Plaintiffs allege the amount in controversy is less than $5,000,000; (See Complaint, ¶ 12).

> 12.    Plaintiffs C&C do not believe the provisions of the Class Action Fairness Act ("CAFA") apply in that the amount in controversy is not greater than five million dollars. Further, Plaintiffs do not believe any member of the putative class has paid in excess of $50,000 in surcharges. Specifically, it is believed that Shred-It first imposed the surcharge on January 1, 2008 and Shred-It has not collected over five million dollars in surcharges in the aggregate, or over $50,000 from any individual class member.

As such, this matter is due to be remanded to the Circuit Court of Barbour County, Alabama from which it was improvidently removed.

## ARGUMENT

Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d). (Notice of Removal, ¶ 5). However, Defendant's argument is without merit. Federal courts have subject matter jurisdiction over class actions in which at least one plaintiff class member is diverse in citizenship from the defendant and where the amount in controversy exceeds $5,000,000. See Pub. L. No. 109-2, 119 Stat. 4, 9-12 (codified at 28 U.S.C. § 1332(d)). As the Eleventh Circuit noted in Kirkland v. Midland Mortgage Co., 243 F.3d 1277 (11th Cir. 2001), "[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Id. at 1281, n. 5 (citations omitted). Moreover, because Plaintiff has alleged that they believe the amount in controversy does not exceed $5,000,000, Defendant, in order to sustain the removal, bears the "heavy" burden of demonstrating to this Court that "to a legal certainty" the damages exceed the jurisdictional amount. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095-96 (11th Cir. 1994). As demonstrated herein, Defendant fails to satisfy this burden.

2

I.    **Defendants fail to provide any acceptable evidence to establish that the amount in controversy exceeds $5,000,000**

Defendant fails to offer any evidence to support its position that the amount in controversy exceeds $5,000,000.   In support of its Notice of Removal, Defendant simply states, with no evidentiary support, the amount in controversy is met.   Such an unsupported conclusory statement is insufficient to establish jurisdiction.

Recently, in <u>Lowery v. Alabama Power Co.</u>, the Eleventh Circuit addressed the issue of what evidence a removing defendant may rely on in asserting jurisdiction.   In doing so, the court concluded that

> ...under § 1446(b), in assessing the propriety of removal, the court **considers the document received by the defendant from the plaintiff** – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal **unambiguously** establish federal jurisdiction.
>
> ****
>
> When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, **the factual information establishing the jurisdictional amount <u>must</u> come from the plaintiff**.
>
> ****
>
> The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

483 F.3d at 1213-15 (citations omitted)(emphasis added).

In <u>Lowery</u>, the plaintiffs' amended complaint did not specify the amount of damages sought. 483 F.3d at 1188. In support of its argument that the amount in controversy had been met, the defendant supplemented its notice of removal with evidence regarding the value of similar tort

claims. Id. at 1220-21. Nonetheless, the court rejected the offered "evidence" because it "was not received from the plaintiffs, but rather was gathered from outside sources." Id.

In this case, Plaintiffs allege, based upon the short time the challenged practice has been in place, that they believe damages are below the jurisdictional threshold. (See, Complaint, ¶ 12.) Defendant, like those in Lowery, fails to offer any evidence whatsoever, much less evidence *received from Plaintiffs,* in support of its argument that the amount in controversy has been met.[1] Instead, the Defendant simply pronounces, without rationale or evidence, that the amount in controversy has been met. As such, Defendant is left with nothing but an unsupported assertion that "[t]he matter in controversy exceeds the aggregate sum of $5,000,000, exclusive of interest and costs." (Notice of Removal, ¶ 5(a)). The Lowery court addressed such a situation and stated that "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." 483 F.3d at 1217. For the above-stated reasons, the Defendant has failed to establish that the amount in controversy exceeds $5,000,000. Accordingly, Plaintiff's Motion to Remand is due to be granted.

---

[1] Plaintiffs recognize that the argument asserted may be a change from how this Court normally assesses the jurisdictional amount in diversity cases. However, it should be noted that less than three (3) weeks after the Lowery holding, Judge William M Acker, Jr. of the Northern District of Alabama remanded a case solely on the holding of Lowery. In doing so, he recognized that the Lowery holding expressly limits the jurisdictional examination and may have brought an end to the "day of the knee-jerk removal of diversity cases from state to federal court." (See Memorandum Opinion in Cheryl Constant v. Int'l House of Pancakes, Inc., Civil Action No. 07-AR-0072-S (N.D. Ala. Apr. 30, 2007)(attached hereto as Exhibit "A")).

## II.    Defendant fails to meet the "legal certainty" standard

The Plaintiffs have indicated that the amount in controversy is not believed to exceed $5,000,000. (See, Complaint, ¶ 12). As such, Defendants bear the "heavy" burden of demonstrating to this Court that "to a legal certainty" the damages exceed the jurisdictional amount. Burns at 1095-96. Therefore, even if the unsupported assertion could be relied upon in assessing the jurisdictional amount, *which it cannot*, the Defendant still fails to prove to a "*legal certainty*" that Plaintiffs' claims cannot yield a recovery less than the jurisdictional amount.

Under the "legal certainty" standard, the defendant must show that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the threshold amount]." Id. at 1096. That means, of course, that the mere possibility (or even probability) of a damage award of over $5,000,000 is not enough – rather, the award of less than $5,000,000 must be "outside the range of permissible awards." Clearly, a bald assertion that the jurisdictional amount is met fails to satisfy this heavy burden. Likewise, Plaintiffs here only seek to represent other customers (who also have been assessed a "fuel surcharge") that have standard form contracts that contain pre-printed language that the "cost of travel to and from your location" will be "**FREE**." (See, Complaint, ¶ 10.)  In its Answer, the Defendant denies that all of its contracts are uniform and states that contracts "vary widely among customers." (See, Answer, ¶ 6.)  Consequently, the Defendant, even if it could establish it has collected over $5,000,000 in fuel surcharges in a few short months, would have to show it collected over $5,000,000 in fuel surcharges from the group of customers that have standard form contracts stating the "cost of travel to and from your location" will be "**FREE**." For all of these

reasons, Defendant has not established to a legal certainty that the claims asserted exceed the jurisdictional amount. Therefore, the Motion to Remand is due to be granted.

## CONCLUSION

Defendant has failed to meet its burden of establishing that federal jurisdiction exists. More specifically, it has failed to prove by a preponderance of the evidence that the jurisdictional amount exceeds $5,000,000.

WHEREFORE, Plaintiffs request an Order remanding this matter to the Circuit Court of Barbour County, Alabama.

/s/Charles A. McCallum, III
Charles A. McCallum, III

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
        birby@mhcilaw.com

OF COUNSEL:
Walter B. Calton, LLC
312 E. Broad Street
Post Office Box 696
Eufaula, Alabama 36072-0696
Telephone: (334)687-2407
Facsimile: (334)687-2466

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on April 2, 2008, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/EDF system, which automatically notify counsel.

Jeffrey A. Lee
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205)254-1987
Facsimile: (205)254-1999
Email: jlee@maynardcooper.com

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by U. S. Mail, postage prepaid, properly addressed, on April 2, 2008.

Gregory G. Pinski
(Pro Hac Vice Admission Pending)
Conner & Pinski, PllP
Post Office Box 3028
Great Falls, Montana 59403-3028
Telephone: (406)727-3550
Facsimile: (406)727-1640

/s/ Charles A. McCallum, III
COUNSEL

**EXHIBIT A**

FILE|
2007 Apr-30 PM 01:
U.S. DISTRICT COUI
N.D. OF ALABAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHERYL CONSTANT,                    }
                                    }
        Plaintiff,                  }
                                    }
v.                                  }    CIVIL ACTION NO.
                                    }    07-AR-0072-S
                                    }
INTERNATIONAL HOUSE OF              }
PANCAKES, INC.,                     }
                                    }
        Defendant.                  }

## MEMORANDUM OPINION

If this court turns out to be right when, by separate order, it grants the motion to remand filed by plaintiff, Cheryl Constant ("Constant"), the court will have come close to proving that the day of the knee-jerk removal of diversity tort cases from state to federal court within the three states comprising the Eleventh Circuit came to an end on April 11, 2007, when *Lowery v. Alabama Power Company*, _____ F.3d _____, 2007 WL 1062769 (11th Cir., Apr. 11, 2007), was decided. "Circumspection" and "compunction" will be the future watchwords for diversity removing defendants in the Eleventh Circuit, except in the few cases which begin with a state court complaint with an *ad damnum* clause praying for more than $75,000.

Constant filed her complaint against International House of Pancakes, Inc. ("IHOP") in the Circuit Court of Jefferson County, Alabama, claiming that she sustained severe injuries in a fall caused by IHOP's negligence. Constant's complaint contains no *ad damnum* clause. There is no requirement that it do so. The absence

of an *ad damnum* is routine in Alabama, especially in cases where
complete diversity of citizenship invites removal to federal court
under 28 U.S.C. §§1441 and 1332(a).  In her complaint, Constant
simply "demands judgment of the Defendants [sic] in such character
and quantity as allowed by law", and "claims compensatory and
punitive damages in such amounts as are appropriate to this case".
Alabama not only allows a plaintiff to avoid any mention of the
amount of damages she seeks, but a plaintiff who inadvertently or
deliberately includes an *ad damnum* can recover more than that
amount.  If a plaintiff demands precisely $75,000, the jury is
permitted to award $1,000,000 if the evidence justifies it.  *See*
*Fuller v. Preferred Risk Life Ins. Co.*, 577 So.2d 878 (Ala. 1991).

Prior to April 11, 2007, Alabama personal injury cases and
wrongful death cases with no *ad damnum*, but in which diversity of
citizenship existed, were regularly removed to federal court upon
defendant's filing of a notice of removal that simply asserted the
existence of the more than $75,000 in controversy required by 28
U.S.C. §1332(a), and proved that amount by citing jury awards in
excess of $75,000 in similar Alabama tort cases.  District courts,
including this court, have, without hesitation, allowed such
removals unless the plaintiff resolved the ambiguity that she
herself deliberately created by conceding that she will forever
forego any claim above $75,000, in which event her case, pre-
*Lowery*, was remanded.

2

In its notice of removal, IHOP alleges, *inter alia*: "The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, notwithstanding the fact that Plaintiff's Complaint does not set forth a **specific** amount of damages claimed". (emphasis in original).  The notice then provides several eye-popping examples of jury verdicts in Alabama in amounts far exceeding $75,000 in slip-and-fall cases.  IHOP then makes the following argument in support of diversity jurisdiction:

> It is well settled that an indeterminate complaint "does not show that the case is not removable; it simply does not comment on federal jurisdiction" *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986).  In such cases, the court has the "duty to independently determine the propriety of jurisdiction". *Id.* at 575.  With that said, it is clear that, if the allegations of the Complaint in the case at hand are well-founded, the amount in controversy requirement of $75,000 would be satisfied.

IHOP's notice of removal contains not only what have previously been the typical allegations in similar removals, but IHOP gilds the lily by attaching to its notice of removal a letter it received from Constant's lawyer approximately two months before the suit was filed.  In that letter, the lawyer describes Constant's prospective case as one in which liability is clear, in which Constant's medical expenses to date reach a total of $16,988.78, in which Constant is described as having "experienced excruciating, continuous pain", and in which the lawyer concludes with these words:

3

On the basis of clear liability, lack of contributory
negligence, medical bills, future medical care, and pain
and suffering, we hereby request a settlement in the
amount of Seventy Five Thousand Dollars ($75,000).   A
reasonable jury, in our opinion, would have little
difficulty in awarding that amount and possibly more.

On April 11, 2007, in *Lowery*, the Eleventh Circuit affirmed
this court's order remanding a case that had been removed to it
from a state court under the Class Action Fairness Act of 2005
("CAFA"). Although the jurisdictional amount there being looked at
was the $5,000,000 required for the removal of a "mass action"
under CAFA and not the $75,000 required by §§1441 and 1332(a), the
principles of law and the legal analysis are the same in both
cases. The Eleventh Circuit reached the following conclusions in
*Lowery*, all applicable to the case here under consideration:

We have held that, in the removal context where damages
are unspecified, the removing party bears the burden of
establishing the jurisdictional amount by a preponderance
of the evidence. *See Tapscott v. MS Dealer Serv. Corp.*,
77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the
"preponderance of the evidence" standard after examining
the various burdens of proof in different factual
contexts), *overruled on other grounds, Cohan v. Office
Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000) . . .

* * *

We are bound to adhere to circuit precedent. Defendants
must establish the jurisdictional amount by a
preponderance of the evidence. We note, however, that in
situations like the present one – where damages are
unspecified and only the bare pleadings are available –
we are at a loss as to how to apply the preponderance
burden meaningfully.  We have no evidence before us by
which to make an informed assessment of the amount in
controversy.   All we have are the representations
relating to jurisdiction in the notice of removal and the
allegations of the plaintiffs' third amended complaint.

4

As such, any attempt to engage in a preponderance of the
evidence assessment at this juncture would necessarily
amount to unabashed guesswork, and such speculation is
frowned upon. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d
593, 595 (5th Cir. 1978) (noting, in a removed class
action, that "it was not open for defendants to attempt
to show" the requisite amount in controversy per capita
where the complaint made insufficient allegations, "[n]or
was it open to the district court to speculate" on
whether the jurisdictional facts existed).

* * *

[W]e conclude that the removal-remand scheme set forth in
28 U.S.C. §§ 1446(b) and 1447(c) requires that a court
review the propriety of the removal on the basis of the
removing documents. If the jurisdictional amount is
either stated clearly on the face of the documents before
the court, or readily deducible from them, then the court
has jurisdiction. If not, the court must remand. Under
this approach, jurisdiction is either evident from the
removing documents or remand is appropriate.

* * *

[U]nder § 1446(b), in assessing the propriety of removal,
the court considers the documents received by the
defendant from the plaintiff – be it the initial
complaint or a later received paper – and determines
whether that document and the notice of removal
unambiguously establish federal jurisdiction. This
inquiry is at the heart of a case, such as the one before
us, in which the plaintiffs challenge removal by filing
a timely motion to remand under § 1447(c).

* * *

[T]here are some exceptions to the rule that the court is
limited to considering the removing documents. A
defendant would be free to introduce evidence regarding
damages arising from a source such as a contract
provision whether or not the defendant received the
contract from the plaintiff. In such situations, the
underlying substantive law provides a rule that allows
the court to determine the amount of damages. For
example, in contract law, the default measure of damages
is expectation damages; a court may look to the contract
and determine what those damages would be. By contrast,

5

"[w]here the law gives no rule, the demand of the plaintiff must furnish one." *McNutt*, 298 U.S. at 182, 56 S. Ct. at 782. When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff.

\* \* \*

The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

\* \* \*

Allowing such speculation in the notice of removal with regard to the existence of jurisdiction would inevitably erode the "reasonable inquiry" standard of Rule 11 generally. If the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts.

\* \* \*

Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally.

\* \* \*

Because jurisdiction was challenged within thirty days of removal, and remand was promptly granted, we are limited in our review to determining whether the pleadings or "other paper" included with the notice of removal provide an unambiguous statement that clearly establishes federal jurisdiction over this action.

* * *

> The additional "evidence" contained in the supplement [to
> the notice of removal] likewise fails to support the
> defendants' contention that the district court had
> jurisdiction over this action. First, we note that this
> evidence regarding the value of other tort claims was not
> received from the plaintiffs, but rather was gathered
> from outside sources. As such, the evidence is not of
> the sort contemplated by § 1446(b). Even if the
> defendants had received the evidence of other suits from
> the plaintiffs, we question whether such general evidence
> is ever of much use in establishing the value of claims
> in any one particular suit. Looking only to this
> evidence and the complaint, the facts regarding other
> cases tell us nothing about the value of the claims in
> this lawsuit. Even were we to look to evidence beyond
> that contained within the notice of removal, in the
> present dispute – with a record bereft of detail – we
> cannot possibly ascertain how similar the current action
> is to those the defendants cite. Absent specific detail
> about the present action, the supplement in no way
> clarifies the aggregate value of the claims here. The
> defendants, therefore, have failed to meet their burden.

IHOP's only possible means of escaping the firm embrace of

*Lowery* is Constant's demand letter. Does the demand do what the

enigmatic complaint does not do, namely, provide a logical basis

for concluding that the value of Constant's claim exceeds $75,000?

The letter asked for $75,000 in settlement, while saying, just as

the law of Alabama allows, that a jury possibly could give more.

Constant's lawyer was as careful not to demand more than $75,000 in

the letter as he was two months later to leave out an *ad damnum*

clause in the complaint. The question to be answered as this court

applies *Lowery* to the present scenario is: Can the court clearly

deduce from the letter that Constant's claim exceeds $75,000 in

value, or is IHOP engaged in wishful thinking of the kind flatly

rejected by the Eleventh Circuit in *Lowery*?  At first blush, it would seem reasonable to believe that someone who demands $75,000 in settlement is offering to compromise, meaning that any compromise would be between something lesser and something larger than the settlement offer.  This "logic" fails, and becomes mere conjecture as to value, when this court subscribes, as it does, to the reasoning of the Eastern District of Missouri on precisely the same subject.  Judge Shaw there persuasively responded to IHOP's "logic" in *Corlew v. Denny's Restaurant, Inc.*, by saying:

> The Court recognizes that defendant, with some justification, is frustrated by plaintiff's careful limitation of her claim to the jurisdictional limit, as amended and as it previously existed.  Defendant's removal is based solely on plaintiff's settlement demand of $75,000.00.  This is insufficient to establish the jurisdictional amount for two reasons.  First, the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount.  *See e.g.*, *King v. Wal-mart Stores, Inc.*, 940 F.Supp. 213, 217 n. 1 (S.D. Ind. 1996); *Saunders v. Rider*, 805 F.Supp. 17, 18-19 (E.D. La. 1992).
>
> Second, for diversity jurisdiction to attach, the amount in controversy must **exceed** the value of $75,000.00.  28 U.S.C. § 1332(a); *see Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (holding under former jurisdictional limit that diversity jurisdiction did not exist where plaintiff sought damages of exactly $50,000.00). Assuming *arguendo* that plaintiff's case is worth $75,000.00, the jurisdictional requirement is not met because the sum does not exceed $75,000.00.  Further, because the Court must strictly construe the amount in controversy requirement of diversity jurisdiction, it is not free to disbelieve plaintiff's valuation of her case, even under the circumstances presented.

983 F.Supp. 878, 879-80 (E.D. Mo. 1997) (emphasis in original).

8

This court is persuaded by *Corlew* as an addendum to the comprehensive and powerful language above quoted from *Lowery*.

Even if this court should overlook the pointed words in *Lowery* that expressly limit the jurisdictional examination to what appears in the state-court complaint and in any other materials **furnished by plaintiff after that complaint was filed**, and should consider Constant's **pre-filing** letter as evidence, Constant has, even in her demand letter, conscientiously stayed under the jurisdictional amount. Who is to say that Constant's lawyer was not giving his honest assessment of the value of his client's case? This court is unwilling possibly to misjudge Constant's intent, especially under the constraints of *Lowery* and the overarching principle of limited federal jurisdiction. The court is not a mind reader. As explained in *Lowery*, it cannot indulge in speculation. It is, of course, not always easy to draw the line between deduction and speculation. Juries are routinely instructed that they are obligated to make this distinction. Deduction is allowed, even encouraged. Speculation is unreliable, even dangerous. Constant's demand letter was like any unsuccessful sales pitch. It did not obtain the result it sought, namely, IHOP's acceptance of the $75,000 offer, by which IHOP would have agreed with Constant that her claim is worth $75,000, which is less than the jurisdictional amount. If the court were going to speculate, it could just as easily speculate that IHOP believes Constant's claim to be worth

9

**less** than $75,000 as to speculate that Constant believes it to be worth **more** than $75,000. The court is left with speculation as the only means by which it could conclude that the amount in controversy exceeds $75,000 in value.

### Conclusion

Applying *Lowery* to the procedural facts presented by IHOP, the case must be remanded. IHOP has simply not met its burden of proving by a preponderance of the "evidence" that the value of this claim exceeds $75,000, exclusive of interest and costs.

Because *Lowery* had not been decided when IHOP filed its notice of removal, and did only what everybody else was doing at the time, this court will deny the request that accompanied Constant's notice of removal for "attorney's fees and costs incurred as a result of the improper removal of the case". Because defendants are now aware of *Lowery*, they will no longer be protected from costs and attorneys fees, and possibly from Rule 11 sanctions, in diversity removal cases like this one when they ask the federal court to speculate.

An appropriate separate order will be entered.

DONE this 30th day of April, 2007.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

10