IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY S. CALTON, SR., and JIM S. CALTON, JR., d/b/a CALTON & CALTON, )<br>)<br>)<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>SHRED-IT USA INC., a foreign corporation, )<br>)<br>)<br>  Defendants. ) | CASE NO.: 2:08-cv-00206-MHT |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Introduction.** Pursuant to Fed.R.Civ.P. 26(f), a meeting was conducted by telephone on April 17, 2008, and was attended by Charles A. McCallum, III, on behalf of Plaintiffs, Jimmy S. Calton, Sr. and Jim S. Calton, Jr. d/b/a Calton & Calton, and Jeffrey A. Lee on behalf of Defendant Shred-It USA, Inc.

2. **Pre-Discovery Disclosures.** The parties agree to forego exchanging the documents and information referenced by Fed.R.Civ.P. 26(a)(1) until such time as the applicable discovery plan is determined.

3. **Discovery Plan.** Discovery will be needed on the following subjects: (a) Class Certification and (b) Merits.

Plaintiffs and Defendant agree that discovery through **October 31, 2008** should be directed to class-certification issues, and that discovery on issues related solely to the merits should be permitted only after a decision on class certification. The parties' proposal of a bifurcated discovery

schedule is as follows:

1. Discovery Relating to Class Certification

    a. The parties agree that the period for conducting discovery related to the issue of class certification will close on **October 31, 2008**.

        i) Maximum of **30** interrogatories by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        ii) Maximum of **40** requests for production by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        iii) Maximum of **30** requests for admission by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        iv) **Above dates and/or discovery limitations can be extended or adjourned by leave of court or by agreement of all parties.**

    b. Reports for retained class experts under Fed.R.Civ.P. 26(a)(2) due:

        i) from Plaintiffs by **60** days before the close of class discovery;

        ii) from Defendant by **30** days before the close of class discovery.

    c. Class Certification Schedule

        i) Plaintiffs' motion for, brief and submission in support of class certification **should be filed no later than December 5, 2008**.

        ii) Defendant's submission in response to Plaintiffs' motion for class certification is due **40 days from the filing of the motion**.

        iii) Plaintiffs' reply is due **15 days from the filing of Defendant's response**.

        iv) Issue of class certification ready for oral argument and submission after **February 6, 2009**.

        v) **Above dates can be extended or adjourned by leave of court or by agreement of all parties.**

2. Discovery Relating to the Merits of the Case

   a. The parties agree that the period for conducting discovery related to the merits of the case will close **7 months after the Court issues a ruling on class certification**.

      i) Maximum of **30** interrogatories by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

      ii) Maximum of **50** requests for production by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

      iii) Maximum of **30** requests for admission by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

      iv) **Above dates and/or discovery limitations can be extended or adjourned by leave of court or by agreement of all parties.**

   b. Because the parties cannot determine at this time how many depositions will be required in the case, the parties have mutually decided to make this determination at a later date. The parties do agree, however, that they will endeavor to limit each deposition, other than 30(b)(6) depositions involving multiple deponents, to a maximum of one day (7 hours) unless extended by agreement of the parties or by order of the court. Defendant reserves the right to move for a protective order regarding Rule 30(b)(6) deposition(s), should they become excessive, etc., and Plaintiffs reserve the right to oppose any such motion.

   c. Reports for retained experts under Fed.R.Civ.P. 26(a)(2) due:

      i) from Plaintiffs by **60** days before the close of **merits** discovery.

      ii) from Defendant by **30** days before the close of **merits** discovery.

   d. Supplementation under Fed.R.Civ.P. 26(e) due no later than **30** days before the close of **merits** discovery.

3. Other Items

    a. The Parties **do not** request a conference with the Court before entry of the scheduling order.

    b. Disclosure or discovery of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure.

    c. Plaintiffs should be allowed until **90** days before the end of **merits** discovery to join additional parties and to amend the pleadings.

    d. Defendant should be allowed until **60** days before the end of **merits** discovery to join additional parties and to amend the pleadings.

    e. All potentially dispositive motions should be filed **no later than 30 days after the close of merits discovery**.

    f. Settlement cannot be realistically evaluated prior to the close of discovery but may be assisted by mediation at that time.

    g. The parties request a final pretrial conference 30 days before trial.

    h. Final lists of trial evidence under Fed.R.Civ.P. 26(a)(3) should be due pursuant to the terms of the pretrial order.

    i. The case should be ready for trial by **December 15, 2009** or **60** days after the Court has ruled on all dispositive motions, whichever is later.

    j. **All deadlines herein are without prejudice to the parties' right to file any motions prior to the agreed deadline.**

Respectfully submitted this 18th day of April, 2008.

                                            /s/Charles A. McCallum, III
                                            Charles A. McCallum, III
                                            One of the Attorneys for Plaintiffs Jimmy S. Calton, Sr. and Jim S. Calton, Jr. d/b/a Calton & Calton

OF COUNSEL:
R. Brent Irby
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
       birby@mhcilaw.com

OF COUNSEL:
Walter B. Calton, LLC
312 E. Broad Street
Post Office Box 696
Eufaula, Alabama 36072-0696
Telephone: (334)687-2407
Facsimile: (334)687-2466

/s/ Jeffrey A. Lee
Jeffrey A. Lee
One of the Attorneys for Defendant Shred-It

OF COUNSEL:
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205)254-1987
Facsimile: (205)254-1999
Email: jlee@maynardcooper.com

OF COUNSEL:
Gregory G. Pinski
Conner & Pinski, PllP
Post Office Box 3028
Great Falls, Montana 59403-3028
Telephone: (406)727-3550
Facsimile: (406)727-1640